UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 00-6061-CR-FERGUSON

UNITED STATES OF AMERICA, )
                          )
vs.                       )
                          )
DARRYL SMITH,             )
        Defendant.        )
_____)

### GOVERNMENT'S MOTION SEEKING AN ORDER PURSUANT TO RULE 15 TO TAKE DEPOSITION

The United States of America, by and through its undersigned Assistant United States Attorney, moves this Court pursuant to Federal Rule of Criminal Procedure 15 for an Order authorizing the government to take and preserve the testimony of a witness from a foreign country for use at trial, and states as follows:

1. The defendant was charged in a ten count superseding indictment on May 26, 2000 with various offenses including alien smuggling.

2. The witness, Bertis Thompson participated in the alleged acts of alien smuggling with the defendant. The witness has made statements to this affect during debriefing sessions with government agents.

3. The witness finished serving a sentence of incarceration on June 9th, 2000. Such sentence was for alien smuggling offenses in Texas. The witness was then turned over to INS to be deported on June 19th, 2000. The witness is currently in the custody of the U.S. Marshal's Service as a result of a Material Witness Complaint filed on June 20th, 2000 in case number 00-4145-SNOW pursuant to 18 U.S.C. 3144.



4. The witness has demanded that he be deported to the Bahamas as soon as possible. Once deported, the witness will not be readmitted to the United States without approval of the Attorney General.

5. Accordingly the United States requests that the witness Bertis Thompson be deposed prior to his deportation as directed by 18 U.S.C. 3144.

6. The United States believes that exceptional circumstances exist to require the deposition of this witness. Exceptional circumstances has been defined by the Eleventh Circuit in United States v. Thomas, 62 F.3d 132 (11th Cir. 1995); United States v. Ramus, 45 3d 1519, 1522 (11th Cir. 1993). The factors for the court to consider are:

   (a) The witness is unavailable and is beyond the subpoena power of the United States.

   (b) Injustice will otherwise result without the material testimony that the deposition could provide.

   (c) Countervailing factors that would make the deposition unjust to the defendant - there are none.

   (d) The prospective deponent is unavailable for trial and the absence of his testimony would produce injustice to the United States in that his testimony is material.

   (e) Simple fairness requires permitting the proving party to produce the testimony by deposing the witness-absent significant countervailing factors which would render the taking of the deposition unjust. See United States v. Drougal, at 1 F 3d 1546.

7. The United States believes that the testimony of Bertis Thompson, is extremely material. He will be beyond the subpoena power of the United States.

WHEREFORE, the United States respectfully moves this Court for an expedited Order authorizing the Rule 15 Deposition of Bertis Thompson.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: *[signature]*
EDWARD R. RYAN
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No.: A500053
500 E. Broward Blvd, Suite 700
Ft. Lauderdale, FL 33394
Telephone: (954) 356-7255, x 3514
Fax: (954) 356-7336

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of this Government's Motion Seeking an Order Pursuant to Rule 15 to Take Deposition, was mailed this 22nd day of June 2000, to: Joseph Gibson, 19 W. Flagler St., Suite 720, Miami, FL 33130; Patrick Hunt, 101 N.E. 3rd Ave., Suite 202, Ft. Lauderdale, FL 33301.

Donald F. Chase II For
EDWARD R. RYAN
ASSISTANT UNITED STATES ATTORNEY