UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 00-6061-CR-FERGUSON

UNITED STATES OF AMERICA

VS.

DARRYL SMITH

Defendant.
_____/



### DEFENDANT'S MOTION TO DISMISS COUNTS VI AND VII OF SUPERSEDING INDICTMENT AND OTHER RELIEF

Defendant, Darryl Smith by and through undersigned counsel and pursuant to Federal Rules of Criminal Procedure 12(b)(2), moves this Honorable Court to Dismiss Counts VI and VII of the Superseding Indictment filed in this cause on or about May 26, 2000. As grounds, Defendant states as follows

1. On or about May 26, 2000 the United States of America ("the government"), filed a Ten (10) Count Superseding Indictment against Darryl Smith ("the Defendant"), charging him with various offenses.

2. Count VI of the superseding indictment alleged that the Defendant, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm ... a .38 caliber special revolver in violation of Title 18, U.S.C. § 922(g)(1).

3. Count VII of the superseding indictment alleged that the Defendant having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess ammunition ... to wit, a .38 caliber special ammunition in violation of Title 18, U.S.C. § 922(g)(1).



4. First, the Defendant objects to the separate charges, Counts VI and VII, in the superseding indictment. The simultaneous possession of a firearm and ammunition should be punishable as one offense. U.S. v. Hall, 77 F.3d 398 (11th Cir. 1996) *citing to* Unites States v. Berry, 977 F.2d 915 (5th Cir. 1992)(multiple convictions and sentence for simultaneous possession and ammunition not allowed), United States Pelusio, 725 F.2d 161 (2nd Cir. 1983)(receipt of gun and ammunition are not separate crimes unless they are received on separate occasions).

5. Moreover, Defendant must object to the separate charges in the indictment before trial or be barred from challenging any subsequent conviction. United States v. Grinkiewicz, 873 F.2d 253 (11th Cir. 1989)(failure to object to indictment before trial precludes objection to multiple convictions).

6. Therefore, since Defendant is indicted for simultaneous possession of the firearm and the ammunition, he should not be subjected to conviction for both offenses as separate crime. United States Pelusio, 725 F.2d 161 (2nd Cir. 1983).

7. Second, Defendant contends that he was not in possession of a firearm nor was a firearm found on his person or any place under Defendant's possession or control.

8. A felon in possession requires that the defendant was:
   a) in knowing possession of a firearm,
   b) a convicted felon, and
   c) that the firearm affected interstate commerce.

18 U.S.C. § 922 (g)(1).

9. Possession may be actual or constructive, but defendant must know he possessed the firearm. U.S. v. Sweeting, 933 F. 2d 962, 965 (11th Cir. 1991).

10. In the case sub judice, Defendant was not in knowing possession of the .38 revolver, either actual or constructive.

11. The alleged .38 caliber special revolver was not discovered in any place under Defendant's possession or control. U.S. v. Winchester, 916 F.2d 601 (11th Cir. 1990)(firearm found at defendant's home in travel bag behind couch sufficient for conviction); U.S. v. Billue, 994 F.2d 1562 (11th Cir. 1993)(defendant's signature and thumbprint on pawnshop ticket evidencing sale of firearm sufficient for conviction); U.S. v. Nelson, 984 F.2d 894(8th Cir. 1993)(shotgun found under defendant's bed sufficient for conviction).

12. The Government has deduced the possession of a .38 caliber revolver from the .38 caliber ammunition located in a warehouse outside the Defendant's residence and from allegations made by Defendant's brother.

13. In the cited cases in which the defendants were convicted for possession, a revolver was found in locations in actual or constructive control of the defendants.

14. Here, no firearm was discovered in either the Defendant's actual or constructive control.

15. Consequently, without having retrieved a gun from Defendant's actual or constructive possession, the government cannot prove that Defendant was in knowing possession of a firearm and that the firearm affected interstate commerce as mandated under 18 U.S.C. § 922(g)(1).

16. Thus, Defendant should not have been indicted for the knowing possession of a of a firearm as charged in Count VI of the superseding Indictment.

**WHEREFORE**, for the foregoing reasons discussed, Defendant, Darryl Smith moves this Honorable Court to Dismiss Counts VI and VII of the indictment or in the alternative enter an order that the simultaneous possession of a firearm and ammunition should be charged as one offense.

### CERTIFICATE OF COMPLIANCE

In compliance with Local Rule 26.1 (I), counsel have conferred in a good faith effort to resolve the issues raised in this motion and have been unable to do so.

Respectfully submitted,

Joseph W. Gibson, Esq.
FBN/344494
JOSEPH W. GIBSON, P.A.
19 West Flagler Street,
Suite 207
Miami, Florida 33130
Phone: (305) 377-25250
Fax:    (305) 377-2528

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed via U.S. Mail to: Edward R. Ryan, AUSA, Office of the Unites States Attorney, Southern District of Florida, 500 E. Broward Boulevard, Ft. Lauderdale, Fl 33394 this _____ day of _____, 2000.

BY: _____
Joseph W. Gibson, Esq.