UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 00-6061-CR-FERGUSON

UNITED STATES OF AMERICA

VS.                                NON-COMPLIANCE OF S.D. fla. L.R. 5.1(l)

DARRYL SMITH

Defendant.
_____/

## DEFENDANT'S MOTION TO SUPRESS STATEMENT
## MADE DURING CUSTODIAL INTERROGATION

Defendant, Darryl Smith by and through undersigned counsel and pursuant to

Federal Rules of Criminal Procedure 12(b)(3), moves this Honorable Court to Suppress

Statement made during Custodial Interrogation where Defendant was **not** given a

Miranda warning. As grounds, Defendant states as follows.

1.     On or about May 26, 2000 the United States of America ("the

government"), filed a Ten (10) Count Superseding Indictment against

Darryl Smith ("the Defendant"), charging him with various offenses.

2.     Count VI of the superseding indictment alleged that the Defendant, having

previously been convicted of a crime punishable by imprisonment for a

term exceeding one year, did knowingly possess a firearm ... a .38 caliber

special revolver in violation of Title 18, U.S.C. § 922(g)(1).

3.     Count VII of the superseding indictment alleged that the Defendant having

previously been convicted of a crime punishable by imprisonment for a



term exceeding one year, did knowingly possess ammunition ... to wit, a

.38 caliber special ammunition in violation of Title 18, U.S.C. § 922(g)(1).

4.    The Defendant was charged with the possession of the .38 caliber revolver

based on a statement elicited from Defendant when he was arrested at his

home.

5.    During Defendant's custodial interrogation, the arresting officer asked

defendant if he had in his possession, the gun for the ammunition retrieved

from a warehouse next to Defendant's residence.

6.    Defendant responded "I got rid of the gun".

7.    However, the arresting officer failed to give Defendant a Miranda warning

before questioning him.

8.    It is well established that all statements, oral or written, elicited from a

defendant during custodial interrogation are within the scope of the

Miranda rule.  Miranda v. Arizona, 384 U.S. 436 (1966), 86 S.Ct. 1602,

16 L.Ed. 694 (1966); U.S. v. Grimes , 142 F.3d 1342 (11th Cir. 1998)

citing to Illinois v. Perkins, 496 U.S. 292 (1990)(admission of statement

given by suspect in custodial interrogation  would be offensive to Miranda

if at the time the statements were made, suspect was unwarned and was

both (a) in custody and (b) being interrogated).

9.    A statement obtained by the police from a person subjected to custodial

interrogation may not be admitted at trial, unless Miranda warnings were

given to that person, and a valid waiver of Miranda rights obtained.

Colorado v. Connelly, 479 U.S. 157 (1986).

10. Here, Defendant was **not** given a Miranda warning nor did Defendant waived his Miranda rights.

11. Defendant contends that his Fifth Amendment privilege against self-incrimination was violated by the arresting officer's eliciting his response during the custodial interrogation. Doe v. United States, 487 U.S. 201 (1988); Dickerson v. U.S. 530 U.S. ____ (2000)(fifth amendment protection against compelled self-incrimination provides the right to counsel at custody interrogations).

12. The arresting officer's question was clearly intended to elicit information that the police officer should know was reasonably likely to elicit an incriminating response. Brewer v. Williams, 430 U.S. 387 (1977); U.S. v. Grimes , 142 F.3d 1342 (11th Cir. 1998) citing to Rhode Island v. Inness, 446 U.S. 291, 301 S.Ct. 1682 (1980).

13. The question concerning Defendant's possession of the gun was not a request for routine information for booking purposes under Miranda. United States v. Sims, 719 F.2d 375, 378-79 (11th Cir. 1983)(*per curium*), cert. denied, 465 U.S. 1034, 104 S.Ct. 1304, 79 L.Ed. 2d 703 (1984).

14. Therefore, the arresting officer's failure to give Defendant a Miranda warning during his custodial interrogation, requires that any statements obtained as a consequence, cannot be admitted into evidence against the Defendant. Mincey v. Arizona, 437 U.S. 385 (1978); Dunkins v. Thigpen, 854 F.2d 394 (11th Cir. 1988) cert denied, 489 U.S. 1059, 109 S. Ct. 1329, 103 L.Ed. 2d 597 (1989).

**WHEREFORE**, for the foregoing reasons discussed, Defendant, Darryl Smith moves this Honorable Court to Suppers the statement "I got rid of the gun", made by Defendant during his custodial interrogation where the Defendant was not given a Miranda warning.

### CERTIFICATE OF COMPLIANCE

In compliance with Local Rule 26.1 (I), counsel have conferred in a good faith effort to resolve the issues raised in this motion and have been unable to do so.

Respectfully submitted,

Joseph W. Gibson, Esq.
FBN: 744494
JOSEPH W. GIBSON, P.A.
19 West Flagler Street,
Suite 207
Miami, Florida 33130
Phone: (305) 377-25250
Fax:     (305) 377-2528

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed via U.S. Mail to: Edward R. Ryan, AUSA, Office of the Unites States Attorney, Southern District of Florida, 500 E. Broward Boulevard, Ft. Lauderdale, Fl 33394 this

6 day of September , 2000.

BY Joseph W. Gibson, Esq.