UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6061-CR-FERGUSON(s)(s)/SNOW

UNITED STATES OF AMERICA,          :

    Plaintiff,                :

vs.                                :

DARRYL SMITH,                      :

    Defendant.                :
_____



### REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on the defendant's Motion to Suppress Statement During Custodial Interrogation (DE 44), refiled after the return of the second superseding indictment (DE 53), which were referred to United States Magistrate Judge Lurana S. Snow for Report and Recommendation. The defendant seeks to suppress a statement made by him on March 15, 2000, during the execution of a search warrant. An evidentiary hearing was held on the motion on October 17, 2000.

### I. FACTS PRESENTED

United States Customs Special Agent Ralph DeAngelus testified that he was the affiant on an application to search the defendant's residence. In that affidavit, Agent DeAngelus stated that a cooperating witness had advised him that the defendant kept a firearm in the master bedroom. Agent DeAngelus also knew that the defendant had prior arrests for violent crimes. At the time



the search warrant was obtained, the initial indictment in the instant case had been filed and a warrant had been issued for the defendant's arrest.

Agent DeAngelus explained that the entry into the defendant's home was handled by the Customs Special Response Team (SRT), a warrant execution team that had been consulted because of the defendant's prior record and the fact that his residence was barricaded. The entry was made at about 5:30 a.m.; Agent DeAngelus entered seven or eight minutes later. He was wearing a ballistic vest which identified him as a Customs agent. His gun was drawn, but was not visible.

Agent DeAngelus stated that he went directly to the master bedroom, where he found the defendant and his wife, both of whom had been handcuffed behind their backs with flex cuffs. Agent DeAngelus had no warrant for the arrest of the defendant's wife, and she was not arrested at any time that day. The young niece of the defendant's wife was in the house, and Agent DeAngelus planned to release the defendant's wife quickly so she could stay with the niece. The agent released the defendant's wife about five minutes after he entered the master bedroom.

When Agent DeAngelus first encountered the defendant, he was complaining about having urinated on his clothing and needed to use the bathroom. Agent DeAngelus asked the defendant if he was still represented by his prior counsel, and the defendant replied that he was not sure. Agent DeAngelus then instructed the

defendant not to make any statements, and advised the defendant of the ongoing investigation of his activities, including the fact that the defendant was suspected of alien smuggling. Agent DeAngelus also informed the defendant that he was under arrest for an earlier smuggling event, and that a search warrant was about to be executed, with the use of a narcotics detection dog.

Agent DeAngelus related that Special Agent Noble Harrison asked the defendant if he had any weapons in his home. The defendant replied in the negative, stating that he had sold them all. At this time, the defendant was still restrained and was sitting on the bed. The exchange took place about two minutes after the agents had entered the defendant's home, while the defendant's wife was restrained. Agent Harrison then asked whether there was any dope in the house. The defendant responded that there was one bale, and expressed concern that the dog would cause damage in the house. Agent DeAngelus told the defendant that they would still use the dog, but it would not do any damage. He then advised the defendant of his *Miranda* rights.

Agent DeAngelus testified that the defendant was allowed to use the bathroom after the agents had been inside the house for fifteen or twenty minutes. At that time, the handcuffs had been removed and the SRT team had gone.

DEA Special Agent Noble Harrison testified he has been an agent with DEA for five and one-half years. Agent Harrison explained that the question he posed to the defendant regarding

3

whether there were any weapons in the residence is standard DEA procedure, done to ensure the safety of everyone involved in the operation. He acknowledged that the question is generally asked prior to the administration of Miranda warnings, as was the case in this instance. The defendant replied that there were no weapons, he had sold his guns. Agent Harrison stated that the question regarding the presence of narcotics also is a standard one, to assist in the search and minimize damage to the property.

II. RECOMMENDATIONS OF LAW

The defendant argues that the question regarding the presence weapons was the product of custodial interrogation without the administration of Miranda warnings, and should be suppressed. The Government contends that the question falls within the exception for public safety articulated by the Supreme Court in United States v. Quarles, 467 U.S. 649 (1984).

In the instant case, the defendant was queried about weapons approximately two minutes after agents entered his residence to execute a search warrant. The residence was barricaded and Agent DeAngelus knew that the defendant had been arrested for violent crimes in the past. Additionally, a confidential source had informed Agent DeAngelus that the defendant kept a gun in the master bedroom. Under these circumstances, the question posed by Agent Harrison was necessary because of potential threat to public safety, and the defendant's statement in response to that question should not be suppressed. Quarles,

4

supra; United States v. Shea, 150 F.3d 44, 48 (1st Cir. 1998); United States v. Edwards, 885 F.2dd 377, 384 (7th Cir. 1989); United States v. Williams, 181 F.3d 945, 953-54 (8th Cir. 1989).

III. CONCLUSION

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that the defendant's Motion to Suppress Statement During Custodial Interrogation (DE 44), refiled after the return of the second superseding indictment (DE 53) be DENIED.

The parties will have ten days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with The Honorable Wilkie D. Ferguson, Jr., United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1998), cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 30th day of November, 2000.

*[signature]*
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

AUSA Edward Ryan (FTL)
Joseph Gibson, Jr., Esq.
Paul Gerson, Esq.