-cr-06061-WDF　　Document 68　　Entered on FLSD Docket 01/26/2001　　F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6061-CR-FERGUSON

UNITED STATES OF AMERICA,　　)
　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
DARRYL SMITH,　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　Defendant.　　　)
_____ )



## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS FOR FRANKS VIOLATION

The United States of America, by and through its undersigned Assistant United States Attorney, hereby responds to defendant Smith's Motion to Suppress evidence seized pursuant to the execution of a search warrant because of an alleged violation of the rule set forth in Franks v. Delaware, 438 U.S. 154, 985 S. Ct. 2674 (1978), and hereby urges this Honorable Court to deny said motion.

## FACTS

On or about March 15, 2000, agents of the Customs Service and DEA executed a search warrant upon the home of the defendant in Miami. On March 14, Special Agent Al DeAngelus presented the search warrant along with an application, affidavit and exhibits to United States Magistrate Judge William C. Turnoff. After reviewing the warrant and attachments, Magistrate Judge Turnoff signed the search warrant authorizing the search.

Defendant now seeks to suppress the search warrant, presumably the fruits of the search, based upon a claim that there existed "mis-statements from a witness." Defendant claims that such false statements require suppression under the doctrine announced in Franks v. Delaware.



Defendant's claim is without merit.

Defendant does not specify what statement was false; the identity of the witness who made the false statement; or how it affected probable cause in the search warrant affidavit. Defendant also makes mention of omissions in his motion but also fails to specify what was omitted and its effect on probable cause.

During a recent evidentiary hearing regarding an earlier-filed motion to suppress statements in the above-captioned case, defendant's counsel sought to elicit testimony regarding Agent DeAngelus' failure to include in his affidavit in support of search warrant the date in which a witness/co-conspirator had last seen a firearm in the defendant's home. The undersigned objected to the line of questioning on the grounds that it was relevant to a Franks claim but irrelevant to the pending motion at that time. Magistrate Judge Snow, who was presiding, sustained the objection. The undersigned believes that defendant's instant motion pertains to that issue and will respond accordingly. In the event defendant is alleging a different Franks violation, the undersigned reserves the right to file an additional response.

The paragraph portion of the affidavit that is the subject of defendant's Franks attack reads as follows:

37. On March 2, 2000, the affiant spoke to Sean HARRIS. HARRIS stated that SMITH has elaborate security features at his residence located at 1030 NW Little River Drive. HARRIS stated that surveillance cameras on the outside of the residence are wired to a monitor in SMITH's master bedroom, and further, that SMITH dead bolts the interior bedroom doors and is in possession of a .38 caliber snub-nose revolver formally owned by HARRIS. HARRIS has also stated that SMITH keeps a computer in his home. HARRIS has stated to the affiant that he observed marijuana in bedrooms inside the house behind deadbolt locks on several occasions

with the last occasion being approximately one year ago. HARRIS stated that SMITH often used his residence to store marijuana. The windows of the residence are protected by electronic roll down shutters, with most being fully closed. Additionally, the yard is secured by an approximately six-foot tall wrought iron, remote-controlled fence/gate. The affiant conducted surveillance at the residence and confirmed HARRIS' description of the exterior. The affiant noted that no other home in the area had such security features. The affiant has also determined that both SMITH and his wife are convicted felons and cannot lawfully possesses a firearm.

The affiant omitted the fact that Harris last saw the .38 caliber firearm months prior to the presenting of the affidavit to Magistrate Judge Turnoff. Defendant in his motion seems to claim that such omission constitutes a Franks violation to the degree necessary to negate probable cause.

The United States submits that defendant's motion should be denied. First, the affiant was not attempting to misrepresent the freshness of the witness' statement. In the same paragraph, the affiant stated that the witness had observed marijuana in defendant's house approximately one year prior to the statement by the witness to the affiant. Furthermore, in paragraph 22 of the affidavit, the affiant states that the witness' last contact with defendant occurred in December, 1999, approximately four months before the statement by the witness to the affiant. In light of these facts, it is clear that the affiant's omission of the date when the witness last saw the weapon was not a deliberate or reckless attempt to deceive but was, at best, an oversight.

Second, the alleged omission concerns one date in one paragraph in the course of a thirteen-page affidavit. Even assuming that the affiant sought to deliberately mislead the Magistrate Judge as to the existence of the weapon in the home at that time, there was ample

cause for the Magistrate Judge to conclude that other evidence would be discovered through the execution of the search warrant.

## LEGAL ARGUMENT

The United States Supreme Court held that evidence obtained during the course of execution of a search warrant which had been obtained on the basis of an affidavit which contained either knowing false representations, or those made with reckless disregard for the truth, would be suppressed. In order to meet his initial burden which would entitle him to a hearing on the alleged false statement and/or omission, defendant must set forth, with specificity, those portions of the affidavit which he claims to have been made in violation of Franks. This "substantial preliminary showing" must be accompanied by some proof. Franks, 438 U.S. at 171, 98 S. Ct. at 2684. This showing must be based on more than mere conclusions and "must be supported by more than a mere desire to cross-examine." Id.

The Franks Court recognized the presumptive validity of affidavits, which is presumably why they imposed stringent requirements upon a movant prior to requiring a hearing. Franks, 438 U.S. at 155-56, 98 S. Ct. at 2676. Furthermore, a "false statement knowingly and intentionally made" (or a material misrepresentation or material omission also so made) does not include those negligently made and does not include innocent mistakes. Id. In the context of the requirement that the affidavit be "truthful,"

> this does not mean "truthful" in the sense that every fact recited in the warrant affidavit is necessarily correct ... But surely it is to be "truthful" in the sense that the information put forth is believed or is appropriately accepted by the affiant as true.

Id., 438 U.S. at 165, 98 S. Ct. at 2681. See also United States v. Reid 69 F.3d 1109 (11th Cir.

1995).

Although Franks provided no guidance regarding the elements constituting "reckless disregard" the Supreme Court, in a First Amendment context, held in St. Amant v. Thompson, 390 U.S. 727, 88 S. Ct. 1323 (1968), cited with approval in Herbert v. Lando, 441 U.S. 153, 156, 99 S. Ct. 1635, 1639 (1979), that

> reckless disregard for the truth requires a showing that the (affiant) "in fact entertain serious doubts as to the truth of his publication." Id. At 731, 88 S. Ct. at 1325. This subjective test may be met not only by showing actual deliberation but also by demonstrating that there existed "obvious reasons to doubt the veracity of the informant or the accuracy of his reports."

The Franks doctrine extends only to the veracity of the affiant. Misrepresentations by a witness or confidential informant are not subject to a Franks challenge. U.S. vs. Smith, 918 F.2d 1501 (11th Cir. 1990).

A reading of the affidavit at issue in this case shows a detailed fact-based recounting of probable cause. The affiant is obviously careful in his presentation. The Court can and should presume that probable cause was properly established.

On the other hand, defendant's motion is merely a conclusory statement of a Franks violation without even a direct reference to the allegedly false statement. There is no mention as to why the statement is false. There is no mention that the affiant knew the statement was false. In fact, defendant does not even claim that the affiant made the false statement. Rather, defendant blames a witness for the false statement. Finally, defendant offers no proof

whatsoever for his claim. Based upon the authorities cited above, defendant's motion should be denied without a hearing.

By:

Respectfully submitted,
GUY A. LEWIS
UNITED STATES ATTORNEY

_____
EDWARD R. RYAN
ASSISTANT UNITED STATES ATTORNEY
Court # A500053
500 E. Broward Blvd., Suite 700
Ft. Lauderdale, FL 33394
Tel. (954) 356-7255
Fax (954) 356-7336

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 25 day of January, 2001, to: Joseph Gibson, 19 W. Flagler St., Ste. 720, Miami, FL 33130.

EDWARD R. RYAN
ASSISTANT UNITED STATES ATTORNEY