-cr-06061-WDF    Document 71    Entered on FLSD Docket 02/05/2001    F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6061-CR-FERGUSON

UNITED STATES OF AMERICA,      :

       Plaintiff,      :

vs.      :

DARRYL SMITH,      :

       Defendant.      :



**REPORT AND RECOMMENDATION**

THIS CAUSE is before the Court on the defendant's Motion to Suppress Search Warrant (DE 61), which was referred to United States Magistrate Judge, Lurana S. Snow, for report and recommendation. Although the motion recites that the defendant seeks to suppress the search warrant itself, presumably it is directed at the items seized pursuant to the warrant and evidence derived therefrom. The movant states, in conclusory fashion, that the warrant was based "on the mis-statements made by a cooperating witness, defendant's half-brother." There is no further identification of these alleged mis-statements or how they relate to the finding of probable cause to search. Moreover, there is no allegation that the <u>affiant</u> on the search warrant made deliberate false statements or omissions of material fact.

In <u>Franks v. Delaware</u>, 438 U.S. 154 (1978), the Supreme Court established the procedures to be utilized where a defendant



challenges the truthfulness of averments in an affidavit used to *procure a search warrant*:

> [W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided . . .

Id. at 155-156. Allegations that the statements of the affiant were merely negligent or the result of innocent mistake are insufficient, and the deliberate falsity or reckless disregard must be directed toward the affiant, not toward an informant whose statements are contained in the affidavit. Id.

A person who seeks to challenge the veracity of an affidavit in support of a search warrant or wiretap application must meet the threshold requirement of a "substantial preliminary showing" that false statements were deliberately or recklessly made.

> There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses

2

should be furnished, or their absence satisfactorily explained.

Franks v. Delaware, 438 U.S. 154, 171 (1978). The same analysis applies where the challenge is to the omission of relevant facts from the affidavit. United States v. Harvey, 560 F.Supp. 1040, 1074 (S.D. Fla. 1982).

The instant motion utterly fails to make _any_ preliminary showing as required by Franks, supra, and should be deemed frivolous. Accordingly, it is

RECOMMENDED that the defendant's Motion to Suppress Search Warrant be DENIED.

DONE AND SUBMITTED at Fort Lauderdale, Florida, this ____ day of February, 2001.

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:
AUSA Edward Ryan, Jr. (FTL)
Joseph Gibson, Jr., Esq.
Paul Gerson, Esq.

3