UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6061-CR-FERGUSON

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) |
| | ) |
| DARRYL SMITH, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MOTION IN LIMINE

The United States of America, by and through its undersigned Assistant United States Attorney, hereby moves this Honorable Court, in limine, to preclude improper character evidence as well as evidence surrounding the entry of the United States Customs Special Response Team to execute a search warrant at the home of the defendant. In support of this motion, the government would state as follows:

1. During cross-examination of government witness Sean Harris, Counsel for the defendant made references to witnesses and/or evidence that would show that the witness had a relationship with a prostitute, was an intravenous drug user and had contracted HIV in a manner different than that testified to by the witness. Federal Rule of Evidence 608(b) provides that specific incidents of conduct, if relevant to truthfulness, may be inquired into on cross-examination of the witness. However, such inquiry ends with such cross-examination. Specific instances of prior bad acts may not be admitted through extrinsic evidence to attack the witness's credibility. United States v. Matthews, 168 F .3d 1234 (11th Cir. 1999); United States v. Castro,

89 F .3d 1443 (11th Cir. 1996). Consequently, this Court should preclude any extrinsic evidence offered by the defendant to refute the witness's testimony as to such subjects..

2. During opening statement as well as during the government's case, counsel for the defendant has made mention of the fact that the entry into the defendant's home for the purpose of executing a search warrant was done in such a way that it caused defendant to urinate on himself. Furthermore, mention was also made that government witness Harris provided to the agents a diagram of the interior of defendant's home. Such evidence and/or remarks by defendant require explanatory evidence by the government. First, the initial entry of defendant's home prior to execution of the search warrant was done by the Special Response Team of US Customs. This was a required procedure under Customs internal guidelines due to the fact that the defendant has a record that includes a conviction for a violent felony offense and also because the defendant was believed to be in possession of a firearm which is the subject of charge in the indictment. In fact, the case agent was instructed by his superiors that the entry must be done by the Special Response Team. Second, the diagram was prepared at the request of the agents for the safety of the agents to show where in the house the firearm was located. The United States respectfully requests that any further evidence or mention of the entry into the house, the defendant's bodily functions and the diagram drawn by the witness be precluded or, in

the alternative, that the Court allow the United States to offer testimony and other evidence to explain its actions.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
EDWARD R. RYAN
ASSISTANT UNITED STATES ATTORNEY
Bar # A500053
500 E. Broward Blvd., Suite 700
Ft. Lauderdale, FL. 33394
Tel. (954) 356-7255
Fax: (954) 356-7336

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 27 day of April, 2001 to: Joseph Gibson, 19 W. Flagler St., Ste. 720, Miami, FL. 33130.

EDWARD R. RYAN
ASSISTANT UNITED STATES ATTORNEY