NON-COMPLIANCE OF S.D. Fla. L.R. 7.1.A.4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 00-6061-CR-FERGUSON

UNITED STATES OF AMERICA

VS.

DARRYL SMITH

Defendant.
_____/

## DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL

Defendant, Darryl Smith by and through undersigned counsel and pursuant to Federal Rules of Criminal Procedure 29, moves this Honorable Court For Judgment of Acquittal of Counts I-X of the Second Superseding Indictment filed in this cause on or about May 26, 2000. As grounds, Defendant states as follows:

1. On or about May 26, 2000 the United States of America ("the government"), filed a Ten (10) Count Superseding Indictment against Darryl Smith ("the Defendant"), charging him with various offenses, to wit:

   a. Count I – Conspiracy to import marijuana and cocaine in violation of 21 USC 963;

   b. Count II – Conspiracy to Possess with intent to distribute marijuana and cocaine in violation of 21 USC 846;

   c. Count III – Importation of Marijuana in violation of 952 and 18 USC 2;

    d.    Count IV – Possession with intent to distribute marijuana in violation of 21 USC 841(a)(1) and 18 USC 2;

    e.    Count V – Possession with intent to distribute marijuana in violation of 21 USC 841(a)(1) and 18 USC 2;

    f.    Count VI & VII – Felon in possession of firearm/ammunition 18 USC 922(g)(1);

    g.    Count VIII, IX & X – Alien Smuggling: 8 USC 1324(a)(1)(A)(1) & 1324 (a)(1)(A)(v)(1)

2.    The Government did not produce any evidence at trial, to support the charges brought against Defendant. Rather, the Government's proof was a reference by Sean Harris, Defendant's half brother and the Government's Chief Witness, that he <u>waited</u> for a cocaine shipment that never arrived.

3.    This evidence was insufficient to support the jury's conclusion that the Defendant was guilty beyond a reasonable doubt that: Defendant conspired to possessed, imported and intended to distribute cocaine and/or marijuana, and that Defendant smuggled aliens into the United States. United States v. Toler, 144 F.3d 1423 (11th Cir. 1988).

4.    It is well settled law that in order to prove a conspiracy to distribute cocaine, the Government must establish beyond a reasonable doubt: i)the existence of an agreement among two or more persons; ii) that the defendant knew of the general purpose of the agreement; and iii) that the defendant knowingly and voluntarily participated in the agreement. See United States v. Adkinson, 158 F.3d 1147, 1153 (11th Cir. 1998);

    United States v. Toler, 144 F.3d at 1425-26 (citing United States v. High, 117 F.3d 464, 468 (11th Cir 1997)); United States v. Calderon, 127 F. 3d 1314, 1326 (11th Cir 1997)

5. Here, the evidence of conspiracy promulgated by the Government is that Darryl Smith, Sean Harris and others, conspired to import and distribute marijuana, and cocaine and to smuggle aliens.

6. This evidence was insufficient to establish the requisite elements of either a drug conspiracy or Defendant's complicity in such a conspiracy to possess with the intent to distribute either cocaine or marijuana.

7. In order to convict Defendant of possession with intent to distribute a controlled substance, the Government must established that the Defendant possessed the controlled substance.

> [P]ossession can be either actual or constructive.
> A defendant has actual possession of a substance
> when he has direct physical control over the contraband ...
> In the absence of actual possession, the Government
> must prove constructive possession. A defendant has
> constructive possession of a substance when he has some
> form of control other than direct physical control. For
> instance a defendant has constructive possession of a
> substance if it is being held by an agent of the defendant,
> or is in a safe deposit box to which defendant has the key,
> or is in a cookie jar at the defendant's house. U.S. v. Edwards,
> 166 F.3d 1362 (11th Cir. 1999)

8. The Government did not prove that Defendant had either Actual or Constructive possession of the cocaine and marijuana with the intent to distribute the contraband.

9. The Government did not prove that Defendant knowingly had direct physical control over the contraband. For criminal culpability to attach the possession must be knowing. U.S. v. Edwards, 166 F.3d 1362 (11th Cir. 1999).

10. Mere presence of the marijuana on Defendant's premises without evidence of Defendant's ability to maintain control over it cannot be inferred but must be established by independent proof.

11. Absent the possession of the contraband, the underlying offense of intent to distribute the contraband cannot stand. United States v. Martin, 747 F.2d 1403, 1407 (11th Cir. 1984)(reversing the defendant's aiding and abetting conviction under 18 USC 2, in the absence of evidence that the principal offense was committed).

12. Similarly, pursuant to 8 USC 1324, the Government did not provide any evidence that Defendant *knowingly* or otherwise, brought in or harbored any aliens, in the charge against Defendant for Alien Smuggling.

13. Mere reliance on Defendant's half brother allegations and or testimony, is insufficient evidence of alien smuggling U.S. v. Rodriquez, _____ F.3d _____ (11th Cir. 2000)(reliance on immigration officer's testimony without the presentation of evidence was insufficient).

14. Therefore, the jury finding Defendant guilty of the charges brought by the Government simply because he could have been one of the many people involved in an alleged conspiracy to smuggle aliens and distribute contraband, is simply insufficient to prove Defendant's guilt beyond a reasonable doubt.

WHEREFORE, Defendant, Darryl Smith respectfully moves this Honorable Court to enter a Judgment of Acquittal because the Government did not produce evidence to prove Defendant's constructive or actual possession of the contraband, Defendant's intent to distribute the contraband, or that Defendant knowingly harbored or smuggled aliens

Respectfully submitted,

Joseph W. Gibson, Esq
FBN: 344494

JOSEPH W. GIBSON, P.A.
19 West Flagler Street
Suite 207
Miami, Florida 33130
Phone: (305) 377-2525
Fax:    (305) 377-2528

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed via U.S. Mail to: Edward R. Ryan, AUSA, Office of the Unites States Attorney, Southern District of Florida, 500 E. Broward Boulevard, Ft. Lauderdale, Fl 33394 this 4 day of June, 2001.

BY: _____
Joseph W. Gibson, Esq.