IN COMPLIANCE OF S.D. fla. L.R. 5.1.A4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 00-6061-CR-FERGUSON

UNITED STATES OF AMERICA

VS.

DARRYL SMITH

    Defendant.

_____/



## DEFENDANT'S MOTION FOR NEW TRIAL

Defendant, Darryl Smith by and through undersigned counsel and pursuant to Federal Rules of Criminal Procedure 33, moves this Honorable Court to vacate the judgment entered in this cause and grant a New Trial. As grounds, Defendant states as follows.

1. On or about May 26, 2000 the United States of America ("the government"), filed a Ten (10) Count Superseding Indictment against Darryl Smith ("the Defendant"), charging him with various offenses.

2. A jury found Defendant guilty of alien smuggling and of conspiracy to possess cocaine and marijuana with intent to distribute.

3. Defendant herein incorporates all previously filed motions including his Motion for Mistrial; and further alleges as grounds for a new trial; judicial error, and the improper refusal by the District Court to grant Defendant's counsel preemptory challenges.

102

4. Defendant contends that the Court should have granted Defendant's Motion for a Mistrial based on remarks made by the President and CEO of Seaboard Marine.

5. Defendant's Due Process rights were severely compromised by the opinion testimony of the CEO who advised the jury that all longshoremen (dock-workers similarly situated to the Defendant), are responsible for drug trafficking in Miami.

6. The CEO's opinion testimony could reasonably be taken to have placed the entire case in such a light as to undermine the confidence in the verdict. Strickland v. Greene, 527 U.S. 263, 290, 119 S.Ct. 1936 (1995)

7. Defendant was also prejudiced by the Judge's outburst, in the presence of the jury, that Defendant's counsel was doing something wrong when Defendant's counsel strenuously objected to the CEO's opinion testimony.

8. The prejudice to Defendant's case was not cured by the Judge when he merely admonished the jury to disregard the outburst.

9. Additionally, Defendant, an African American, contends that he was unconstitutionally discriminated against and not afforded the equal protection enunciated in Batson v. Kentucky, 476 U.S. 79, (1986), when the court allowed the government to exclude all African American jurors while failing to grant Defendant's counsel additional preemptory challenges.

10. Batson holds that "by denying a person participation in jury service on account of his race, the State unconstitutionally discriminates against the excluded juror". Batson v. Kentucky, 476 U.S. 79, 87 (1986).

11. Even if the government argues that an individual does not have the right to be a juror, the Supreme Court has held that while "[a]n individual juror does not have a right to sit on any particular jury, ... he does not possess the right not to be excluded from one on account of race". Powers v. Ohio, 499 U.S. 400, 409 (1991); Edmonson v. Leesville Concrete Co., 500 U.S. 614, 618 (1991)("a prosecutor's race-based preemptory challenge violates the equal protection rights of those excluded from jury service").

12. Moreover, [a] "pattern" of strikes against black jurors included in the particular venire, as it was in our case, might give rise to an inference of discrimination. Similarly, the party's questions and statements during voir dire examination and in exercising his challenges may support or refute an inference of discriminatory purpose. Batson v. Kentucky, 476 U.S. 79, 96-97 (1986).

13. Defendant contends that the court abused its discretion in failing to grant Defendant's counsel Motion for Mistrial and request for additional preemptory challenges.

WHEREFORE, for the foregoing reasons discussed, Defendant, Darryl Smith respectfully moves this Honorable Court to vacate the judgment entered in this cause and Grant his Motion for a new trial.

Respectfully submitted

Joseph W. Gibson, Esq.
FBN 344494

JOSEPH W. GIBSON, P.A.
19 West Flagler Street
Suite 207
Miami, Florida 33130
Phone: (305) 377-2525
Fax:    (305) 377-2528

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed via U.S. Mail to: Edward R. Ryan, AUSA, Office of the Unites States Attorney, Southern District of Florida, 500 E. Broward Boulevard, Ft. Lauderdale, Fl 33394 this _6_ day of _June_, 2001.

BY: Joseph W. Gibson, Esq.